BORIS PARSONNET, PLAINTIFF-RESPONDENT, v. KEIL'S NEWARK BAKERY, INCORPORATED, DEFENDANT-APPELLANT.

Submitted October 5, 1937—Decided January 28, 1938.

Before Justices LLOYD, CASE and DONGES

For the defendant-appellant, *Klein & Klein*.

For the plaintiff-respondent, *Nathan Cholodenko*.

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Orange District Court entered upon the verdict of a jury in favor of the plaintiff. Plaintiff's claim was that in eating a roll baked by the defendant he bit upon a piece of steel imbedded in the roll, injuring his mouth, and in dislodging the steel he dropped and broke his false teeth.

At the trial the plaintiff produced a witness who testified that she had purchased some pumpernickel at a grocery store, which pumpernickel bore the label of the defendant, and that in eating it she discovered a piece of wood therein. This incident occurred at some time prior to the event which gave rise to the instant suit. The admission of this eveidence was objected to and excepted to, and is a ground of appeal.

We conclude that the admission of this testimony was error and requires a reversal of the judgment. As stated, the defendant was the manufacturer of the roll and it was sought to hold it upon the ground of negligence in the process of baking. It is well settled that other acts of negligence are not evidential to show the commission of the particular act which is the ground for the action. *Stephen Ev., art.* 10. *Quellmalz* v. *Atlantic Coast Electric Railway Co.,* 94 *N. J. L.* 474.

Plaintiff now argues that even if this evidence is not admissible to prove negligence, its admission might be justified on other grounds, to wit., to establish the identity of appellant as the manufacturer of the roll, to show plaintiff's injuries were caused solely by the foreign substance in the roll, and to prove notice to defendant that its process of manufacturing was defective. It is difficult to see how the testimony of an independent incident could bear on these questions.

This view makes it unnecessary to consider the other point raised and argued.

The judgment is reversed and a *venire de novo* awarded.